UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21CR0263 MTS |
| MICHAEL MORALES, | ) ) ) |
| Defendant. | ) |

**PARTIES' STIPULATION AND JOINT RECOMMENDATION AS TO RESTITUTION**

COME NOW the United States of America, by and through its attorneys, Sayler Fleming, United States Attorney for the Eastern District of Missouri, and Colleen C. Lang, Assistant United States Attorney for said District, and defendant, Michael Morales, by and through his counsel, Joe Flees, and hereby respectfully submit and propose that the defendant pay restitution in the amount of $38,000 to the following eleven (11) victims and in the following amounts:

| | | |
|---|---|---|
| 1. | "Sarah" of Marineland1 Series | $ 3500 |
| 2. | "Maria" of the Best Necklace | $4000 |
| 3. | "Vicky" also known as "Lily" | $3500 |
| 4. | PD11 | $3000 |
| 5. | April of the "Aprilblonde" Series | $4000 |
| 6. | Chelsea of the "2crazygirls"Series | $3000 |
| 7. | "Maureen" of the Lighthouse Series | $ 3000 |
| 8. | "Henley" of the Bluepillow 1 Series | $4000 |
| 9. | "Mya" of the "Sweet Pink Sugar" | $3000 |
| 10. | "Pia" of the Sweet White Sugar Series | $ 3500 |
| 11. | "Violet" of the At School Series | $3500 |

I. **Restitution to child pornography victims**

Under 18 U.S.C. §§ 2259(a) and 2259(b)(2) restitution to child pornography victims is mandatory. Also, the Supreme Court decided United States v. Paroline, 134 S. Ct. 1710 (2014),

holding, as relevant here, that:

> ...where it can be shown that a defendant possessed a victim's images and that the victim has outstanding losses caused by continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should order restitution in an amount comporting with the defendant's relative role in the causal process underlying the victim's general losses.

Paroline, 134 S. Ct. at 1727.

Under § 2259 and Paroline, there is no need to prove loss or causation in regards to any particular offender – it is the harm inflicted by the aggregated conduct of offenders that is primarily relevant. Paroline, 134 S. Ct. at 1726-1727. To the extent a defendant engages in certain aggravating conduct, that can be considered, but there is no requirement to prove particularized conduct leading to particularized harm. See Id.

## II. Restitution to the victim(s) of Defendant Beighlie:

Pursuant to 18 U.S.C. § 2259(a), and consistent with the Supreme Court's decision in Paroline, the parties agree and stipulate as follows:

1. On November 28, 2022, the Defendant pled guilty to one count of Receipt of Child Pornography and one count of Possession of Child Pornography. The parties incorporate by reference the stipulated facts set forth in the Guilty Plea Agreement.

2. Prior to sentencing, eleven victims have submitted a restitution request to the Court pursuant to 18 U.S.C. § 2259. The images of these victims were part of the defendant's child pornography collection.

3. The defendant used the Internet to receive and possess child pornography through the internet.

### A. Stipulations specific to Each Victim:

(1) For purposes of an order of restitution pursuant to 18 U.S.C. § 2259(b)(2)

2

directing the defendant to pay his victims for their losses, all victims have submitted a restitution request and supporting documentation calculating damages.

(2) Under the standard established by Paroline and §2259, the evidence submitted in support of their restitution claims is sufficient to show that defendant's offenses proximately caused their losses.

(3) According to documentation from the National Center for Missing and Exploited Children, the defendant's child pornography files included the following amounts of images from each victim:

| | |
|---|---|
| 1. "Sarah" of Marineland1 Series | 2 image files; 2 video files |
| 2. "Maria" of the Best Necklace | 7 image files; 7 video files |
| 3. "Vicky" also known as "Lily" | 7 video files |
| 4. PD11 | 1 image; 2 video files |
| 5. April of the "Aprilblonde" Series | 8 image files |
| 6. Chelsea of the "2crazygirls" Series | 1 video file |
| 7. "Maureen" of the Lighthouse Series | 1 image file |
| 8. "Henley" of the Bluepillow 1 Series | 14 image files |
| 9. "Mya" of the "Sweet Pink Sugar" | 1 image file |
| 10. "Pia" of the Sweet White Sugar Series | 7 video files |
| 11. "Violet" of the At School Series | 2 image files; 4 video files |

(4) The parties agree and recommend that the defendant be ordered to pay $38,000 in restitution to the victims through their representatives in the amounts further detailed in the table below.

(5) These amounts comport with the defendant's role in the causal process and is suited to the size of that role. The parties negotiated, pursuant to the guidance in Paroline, that since the defendant possessed more images of certain victims, those victims

3

were entitled to additional restitution, above the mandatory $3000 amount required by Section §2259.

(6) The amount is not a nominal amount and is reasonable and substantial enough to impress upon the defendant that child pornography offenses affect real victims.

(7) The amounts to be paid to each victim are:

| | |
|---|---|
| 1. "Sarah" of Marineland1 Series | $ 3500 |
| 2. "Maria" of the Best Necklace | $4000 |
| 3. "Vicky" also known as "Lily" | $3500 |
| 4. PD11 | $3000 |
| 5. April of the "Aprilblonde" Series | $4000 |
| 6. Chelsea of the "2crazygirls" Series | $3000 |
| 7. "Maureen" of the Lighthouse Series | $ 3000 |
| 8. "Henley" of the Bluepillow 1 Series | $4000 |
| 9. "Mya" of the "Sweet Pink Sugar" | $3000 |
| 10. "Pia" of the Sweet White Sugar Series | $ 3500 |
| 11. "Violet" of the At School Series | $3500 |

### III.      Conclusion

For the reasons and stipulations set forth herein, the parties agree and recommend that the Court order the defendant to pay restitution in the total amount of $38,000

So stipulated and respectfully submitted:

SAYLER FLEMING
United States Attorney

*s/Colleen C. Lang*
COLLEEN C. LANG, #56872MO
Assistant United States Attorney
United States Attorney's Office
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

4

_____
MICHAEL MORALES
Defendant

_____
Joe Flees
Attorney for Defendant